# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 21-5306**

**September Term, 2022**

**1:21-cv-01696-UNA**

**Filed On:** October 31, 2022

Prince Jones,

       Appellant

    v.

District of Columbia, et al.,

       Appellees

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Henderson, Wilkins, and Pan, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's November 23, 2021 order dismissing appellant's complaint be affirmed.

Insofar as appellant's complaint requested release from prison, appellant's claims are barred by D.C. Code § 23-110(g). Appellant has not demonstrated that his remedy under that statute is inadequate or ineffective to test the legality of his detention.

The district court also correctly concluded that appellee Lazarus was entitled to immunity from appellant's claims arising from her conduct prior to and during his prosecution. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976) (prosecutors are entitled to immunity from damages claims arising from conduct "intimately associated with the judicial phase of the criminal process").

Next, the district court correctly concluded that appellant's claims for damages are barred by Heck v. Humphrey, 512 U.S. 477 (1994), insofar as he asserts that the District of Columbia and appellant Bowser lack authority to promulgate or enforce the D.C. Code provisions giving rise to his conviction, or that the District of Columbia Superior Court lacked jurisdiction to convict him under those statutes. A favorable ruling on that claim would necessarily imply the invalidity of his conviction and sentence arising from his guilty plea, and he has not demonstrated that his conviction or sentence has been overturned or otherwise invalidated. Id. at 486-87.

The court will affirm as to appellant's remaining claims on grounds other than those articulated by the district court. See Chambers v. Burwell, 824 F.3d 141, 143 (D.C. Cir. 2016) (court may affirm on any ground supported by the record). With respect to appellant's challenge to the conditions of his confinement, he is presently detained in a federal correctional facility, and he has not alleged that any of the appellees has any control over those conditions. His claims are thus not fairly traceable to the actions of any of the appellees, and he therefore lacks standing to raise those claims against these appellees. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) ("[T]here must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." (internal citation and punctuation omitted)). Insofar as this challenge is actually intended to attack the fact of, and not discrete conditions of, appellant's confinement, it is barred pursuant to Heck.

With respect to appellant's Fourth Amendment, false arrest, and common law trespass to chattels claims, all arising from the government's warrantless use of a cell-site simulator, appellant does not allege that appellees Bowser or Lazarus were involved in the conduct giving rise to those claims. Furthermore, the police officer appellees are entitled to qualified immunity from claims for damages "so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Mullenix v. Luna, 577 U.S. 7, 11 (2015) (quoting Pearson v. Callahan, 555 U.S. 223, 231 (2009)); see also Martin v. Malhoyt, 830 F.2d 237, 247-53, 263 (D.C. Cir. 1987) (qualified immunity available for common law torts). Because the unconstitutionality of the officers' use of the cell-site simulator was not "clearly established" at the time they engaged in that conduct, see Jones v. United States, 168 A.3d 703, 707-08 (D.C. 2017), and because appellant's allegations that appellees trespassed upon his cell phone and arrested him without probable cause

Page 2

both arise from that conduct, qualified immunity shields them from these claims.  With respect to appellee District of Columbia, appellant raises no arguments on appeal demonstrating that it is liable for damages on this claim.  See United States ex rel. Totten v. Bombardier Corp., 380F.3d 488, 497 (D.C. Cir. 2004) (arguments not raised on appeal are forfeited).

Insofar as appellant intended to raise any additional claims not discussed here, no such claims are readily apparent on the face of his complaint, and the district court thus correctly concluded that such claims failed to meet the minimum pleading standard of Federal Rule of Civil Procedure 8(a).  See Jones v. Kirchner, 835 F.3d 74, 79 (D.C. Cir. 2016) (purpose of Rule 8(a) standard is to "give the defendants fair notice of what the claim is and the grounds upon which it rests").  In addition, contrary to appellant's argument on appeal, the district court did not err in dismissing his complaint without affording him an opportunity for discovery.  See Carpenter v. Fed. Nat'l Mortgage Ass'n, 174 F.3d 231, 237 (D.C. Cir. 1999).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**